UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

YOUNG HO CHANG,

    Petitioner,

  v.

UNITED STATES OF AMERICA,

    Respondent.

Case No. C06-5646FDB

ORDER DENYING MOTION
PURSUANT TO 28 U.S.C. § 2255

    Petitioner plead guilty to conspiracy to commit bank fraud in a scheme involving the use of false passports to open private mailboxes and using the false identities to open bank accounts in several states resulting in losses of hundreds of thousands of dollars associated with the accounts. Pursuant to the Plea Agreement, Chang admitted to $93,000.00 of the loss that the Government was able to definitively establish, and the Government agreed to forego any charges based on additional losses. Change also agreed to restitution. Change was sentenced to 15 months imprisonment, the low end of the advisory sentencing guidelines range. After serving his sentence, Change was transferred to Immigration and Customs Enforcement (ICE) to await deportation proceedings (Chang is a Korean national).

    Chang also agreed to cooperate with the Government and to testify against Sung Chul Lee,

ORDER - 1

alleged to be the ringleader of the conspiracy in which Chang and others participated.  In return, ICE agreed to arrange for Chang's release pending the outcome of the deportation proceedings in order that Chang could spend time with his family, who are apparently planning to remain in the United States if Chang is deported.  Chang cooperated, testified at a deposition against Lee, who eventually pled guilty.

Chang's counsel now seeks appointment of CJA counsel for Chang to pursue a claim pursuant to 28 U.S.C. § 2255.  Counsel argues that he advised Chang that although he would likely face deportation proceedings, his plea would not necessarily result in deportation because an immigration judge could still take into account his background, family ties to the U.S., and initial efforts to cooperate with law enforcement.  Counsel states that he has now learned that the references in the plea agreement to "restitution" in excess of $10,000.00 and other technicalities render Mr. Chang's deportation a foregone conclusion.  Thus, Counsel states that he gave Chang incorrect advice about the consequences of his plea.  Counsel also states that the Government will not agree to amend the plea agreement.  The Government confirms that Chang's counsel did seek to have Chang's sentence vacated so that Chang could enter into a new plea agreement with a restitution amount below $10,000.00, which Counsel believed would allow the immigration judge to consider Chang's personal circumstances and other factors in determining whether to order him deported.  The Government, however, never agreed to this request.

The Court requested that the Government respond to Counsel's request, and reserved ruling on the request for appointment of CJA counsel until after hearing from the Government, which has now filed its brief.

"The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process" that the result cannot be relied upon as just.  *Strickland v. Washington*, 466 U.S. 668, 685 (1984).  There are two components: inadequate performance (which must be scrutinized in a highly deferential manner, *United States v.*

ORDER - 2

*Palomba*, 31 F.3d 1456, 1460 (9th Cir. 1994)) and resulting prejudice, *Strickland* 466 U.S. at 687.

Assuming that Chang was erroneously advised and that the mistake rendered Chang's counsel's representation ineffective, the Court concludes that the second element of prejudice is not satisfied. The Government argues that there was no a reasonable probability of a different result absent counsel's errors. While Counsel contends that Chang could have contested the restitution or that a different plea agreement could have been negotiated wherein the Government would have agreed to eliminate the problematic provisions from the final agreement, the Government contends that such a scenario is unrealistic, because given that the conspiracy resulted in bank losses of hundreds of thousands of dollars, Chang's plea to $93,000 was a relatively small amount. The Government asserts that under these circumstances, there was no reasonable probability that it would have agreed to a restitution amount below $10,000. Moreover, the Government asserts that under these circumstances, Chang's ability to successfully contest restitution amounts is also unrealistic.

The Court concludes that given the magnitude of the losses, ordering a restitution amount of under $10,000 would have been incomprehensible. The Court also concludes that no evidentiary hearing is required and that this case does not merit appointment of CJA counsel.

NOW, THEREFORE, IT IS ORDERED: Petitioner's Motion pursuant to 28 U.S.C. § 2255 is DENIED, and this cause of action is DISMISSED.

DATED this 22nd day of January, 2007.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 3